IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Larry Billy Rhinehart,<br><br>Plaintiff,<br><br>v.<br><br>Patricia Ray and Tamiko Gregg-Wright,<br><br>Defendants. | C/A No. 2:22-CV-00594-JFA-MGB<br><br><br><br>**ORDER** |

## I.     INTRODUCTION

Plaintiff, Larry Billy Rhinehart ("Plaintiff") brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On October 20, 2022, Defendants filed a motion for summary judgment. (ECF No. 41). The Report set forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. After two extensions of time to respond to the motion, Plaintiff filed his Response in Opposition on January 6, 2023. (ECF No. 53). Because pages of the Response appeared to be missing, the Magistrate Judge provided Plaintiff until January 20, 2023 to update her Response brief. (ECF No. 62). However, an updated Response was never filed and Defendants never filed a reply.

Thereafter, the Magistrate Judge assigned to this action[1] issued a thorough Report and Recommendation ("Report"). (ECF No. 62). Within the Report, the Magistrate Judge opines Defendants' motion for summary judgment should be granted and this case dismissed. Although Defendants' ask this Court to count this case a strike pursuant to 28 U.S.C. § 1915(g), the Magistrate Judge finds this action should not be designated as a strike because it is not being dismissed for one of the enumerated reasons under the PRLA. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 24, 2023. (ECF No. 62). The Magistrate Judge required Plaintiff to file objections by June 7, 2023. *Id.* However, Plaintiff failed to file any objections or otherwise respond. Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

The legal standard employed in a motion to dismiss for failure to state a claim and motion for summary judgment is well-settled and correctly stated within the Reports. Accordingly, that standard is incorporated herein without a recitation.

### III.  DISCUSSION

Plaintiff brings this action alleging violations of his Eighth and Fourteenth Amendment rights based on events that occurred while he was a pretrial detainee at Sumter-Lee Regional Detention Center ("Sumter-Lee" or "Detention Center"). Specifically, Plaintiff brings claims against Defendants for violation of these constitutional rights, alleging a conditions of confinement claim, a procedural due process claim, and a claim for inadequate medical treatment. As the Report accurately summarizes the facts of this case along with the evidence presented by both sides in their briefs on the instant motion, it is incorporated herein as if restated verbatim. Accordingly, this Court will consider Plaintiff's claims in the order addressed by the Report.

First, as to Plaintiff's conditions of confinement claim, the Magistrate Judge finds that Plaintiff failed to establish that any of his conditions of confinement rise to the level of a constitutional violation. The Report accurately summarizes the law on such a claim to

apply it to the allegations presented by Plaintiff. Ultimately, the Magistrate Judge concludes and this Court agrees Plaintiff has only demonstrated he has suffered emotional distress, psychological stress, mental anguish, and general unhappiness with being imprisoned, and the law is clear that there is liability under § 1983 for such claims. Khan v. Stirling, 2019 WL 3976626, at *5 (D.S.C. July 24, 2019). As such, the Magistrate Judge recommends summary judgment be granted on this claim. Because Plaintiff failed to object or respond to the Report, this Court may adopt the Report's recommendation without explanation. Therefore, this Court adopts the Report as to Plaintiff's conditions of confinement claim and grants summary judgment on this basis.

Plaintiff also alleges he received inadequate medical treatment in relation to his lupus. The Report finds that Defendants are also entitled to summary judgment on this claim because Plaintiff failed to present any evidence that Defendants were involved in any aspect Plaintiff's medical care or impeded Plaintiff's access to medical care. Further, even assuming Defendants did act in such a manner regarding Plaintiff's medical care, Plaintiff has failed to demonstrate he suffered substantial harm as a result. Because Plaintiff failed to object or respond to the Report, this Court may adopt the Report's recommendation without explanation. Therefore, this Court adopts the Report as to Plaintiff's claim for inadequate medical treatment and grants summary judgment on this basis.

Plaintiff's third claim is that his due process rights were violated when he was placed in a segregation or solitary confinement and kept there until his transfer to SCDC custody. After summarizing the law on this claim, the Magistrate Judge finds Plaintiff's has failed to establish such a claim because he cannot demonstrate his placement was not for a

legitimate government interest. Further, even assuming it was not for a legitimate government interest and his rights were violated, Plaintiff failed to establish the named Defendants were responsible for such placement. Because Plaintiff failed to object or respond to the Report, this Court may adopt the Report's recommendation without explanation. Therefore, this Court adopts the Report as to Plaintiff's claim that his due process rights were violated and grants summary judgment on this basis.

Additionally, out of an abundance of caution, the Magistrate Judge construes Plaintiff's allegations of disparate treatment to be an Equal Protection claim. The Magistrate Judge considers this claim and finds Plaintiff offered no evidence that he and the other inmates at issue were similarly situated in all relevant aspects for an equal protection analysis. Further, Plaintiff failed to offer any evidence that his treatment was the result of intentional or purposeful discrimination. Because Plaintiff failed to object or respond to the Report, this Court may adopt the Report's recommendation without explanation. Therefore, this Court adopts the Report as to Plaintiff's Equal Protection claim and grants summary judgment on this basis.

Finally, Defendants ask this Court to designate this action as a "strike" pursuant to 28 U.S.C. §1915(g). Importantly, the Prison Litigation Reform Act ("PLRA") provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Magistrate Judge recommends this Court decline to find this action constitutes as a strike because it is not being dismissed for one of the reasons enumerated in the statute. While this may be true, this Court also finds this case should not be designated a strike because "the strike decision is solely for the district court considering a subsequent request for IFP [n forma pauperis] status, and that courts are not authorized to make binding strike determinations when they dismiss prisoners' complaints." *Pitts v. South Carolina*, 65 F.4th 141, 147 (4th Cir. 2023). Accordingly, this Court is without authority to adjudicate conclusively whether its own dismissal constitutes a strike.

Therefore, this Court adopts the Report in finding this action does not constitute a strike pursuant to § 1915 because this action does not qualify as a strike and this Court lacks authority to make such a finding.

This Court has thoroughly reviewed the record in this case along with the Magistrate Judge's thorough Report and finds that Plaintiff has failed to establish any violation of his constitutional rights under §1983. Thus, this Court adopts the Report and grants Defendants' Motion for Summary Judgment.

## IV.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Reports, this Court finds the Magistrate Judge fairly and accurately summarizes the facts and applies the correct principles of law and thus, this Court adopts the Report in full. (ECF

No. 62). Consequently, Defendants' motion for summary judgment is granted and this case is dismissed with prejudice. (ECF No. 41).

    IT IS SO ORDERED.

June 27, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge